◼ HENRY R. AGENS, Appellant, v DAVID W. LITTLE et al., Respondents. [667 NYS2d 775] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Ferradino, J.), entered January 23, 1997 in Saratoga County, which, *inter alia*, granted summary judgment to defendants and dismissed the complaint.

Plaintiff is a resident of the Town of Ballston, Saratoga

County, who regularly attends Town Board meetings and, in his capacity as a Town citizen, frequently articulates his position on pending issues. During the time period relevant to this case, defendant Raymond F. Callanan was the Town Supervisor and defendant David W. Little was the Acting Town Attorney.

Shortly after Little resigned from his position in mid-October 1995, a local newspaper article outlined plaintiff's repeated criticism of Little's 1987 representation of a client before the Town Zoning Board of Appeals while, at the same time, serving as the Deputy Town Attorney. The article explained that plaintiff had "continued to attack" Little regarding his participation in the zoning case despite the latter's concession of error, and contained the statement—attributed to Little— that "[t]hose continued attacks * * * were a contributing factor in his decision to resign". The reporter then quoted Little as having said that plaintiff " 'will have to find someone else to pick on' ". After noting plaintiff's disbelief that his criticisms had any significant effect on Little's decision to resign, the article recited Callanan's position that "he was disappointed Little is stepping down, but he could appreciate Little's desire to avoid the continuing confrontations with [plaintiff]".

Subsequently, plaintiff commenced this action alleging that the aforementioned statements attributed to Little and Callanan were defamatory. Defendants jointly moved to dismiss the complaint for failure to state a cause of action and Supreme Court, finding that the statements were nonactionable opinion, awarded summary judgment in their favor. Though recounted in the context of a news story, the cited statements are plainly expressions of defendants' opinions as to Little's subjective reasons for resigning and, as such, are incapable of being proven true or false. Accordingly, there is no basis to disturb Supreme Court's determination (see, e.g., Brian v Richardson, 87 NY2d 46, 51; Immuno AG. v Moor-Jankowski, 77 NY2d 235, 243-244, cert denied 500 US 954; Kim v Dvorak, 230 AD2d 286, 291; compare, Gross v New York Times Co., 82 NY2d 146, 154).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is affirmed, with costs.